[No. 5056–1. Division One. April 10, 1978.]

BLACK INDUSTRIES, INC., *Appellant,* v. EMCO
HELICOPTERS, INC., *Respondent.*

*Max D. Crittenden (Martin, Bischoff, Templeton &
Biggs* and *Lloyd B. Ericsson,* of counsel), for appellant.

*Reed, McClure, Moceri & Thonn* and *William R. Hick-
man,* for respondent.

WILLIAMS, J.—Black Industries, Inc., brought this action
against Emco Helicopters, Inc., to recover damages for the
destruction of its helicopter. The complaint alleges that

Emco's negligence in starting a forest fire was the proximate cause of the crash of the helicopter, which had been hired by the State to fight the fire from the air. Emco answered, denying that it had been negligent or had started the fire, and affirmatively alleged that Black Industries' damages were caused either by its own negligence or by an intervening cause, and that recovery was barred by the professional rescuer rule. The trial court granted Emco's motion for summary judgment and denied Black Industries' motion for partial summary judgment. We affirm.

Assuming that Black Industries' allegations are true, as we must for the purpose of this appeal from the summary judgment, the facts are these: On July 16, 1973, a pilot employed by Emco was smoking a cigarette while seated at the controls of a helicopter, which was on the ground in a high fire danger area. When he unsuccessfully attempted to stub out the cigarette on the outside of the helicopter, the smoldering butt fell on the ground and started a forest fire. Black Industries was retained by the State to fight the fire by dumping water on it from the helicopter which, while so engaged, fell to the ground.

Black Industries presents two basic issues in its appeal: (1) whether it is barred from recovery by the professional rescuer rule, *Maltman v. Sauer,* 84 Wn.2d 975, 530 P.2d 254 (1975); *Strong v. Seattle Stevedore Co.,* 1 Wn. App. 898, 466 P.2d 545 (1970); and (2) whether Emco's negligence is established by a judgment against it in a companion case.

■ The professional rescuer rule bars recovery because, as is said in *Maltman v. Sauer, supra* at 978–79:

> Those dangers which are inherent in professional rescue activity, and therefore foreseeable, are willingly submitted to by the professional rescuer when he accepts the position and the remuneration inextricably connected therewith. . . . Stated affirmatively, it is the business of professional rescuers to deal with certain hazards, and such an individual cannot complain of the negligence which created the actual necessity for exposure to *those*

hazards. When the injury is the result of a hazard generally recognized as being within the scope of dangers identified with the particular rescue operation, the doctrine will be unavailable to that plaintiff.

(Citations omitted.)

The only evidence of the cause of the helicopter's crash is contained in the deposition of Tom Brown, the pilot. His deposition suggests several possibilities, all of which are in the category of foreseeable hazards: pilot error, mechanical failure, air turbulence, and the inexperience of fire–fighting personnel on the ground. As *Maltman* stated at page 979:

A danger unique to helicopter rescues is the possibility of a mechanical malfunction in the airplane or pilot error, either of which could cause a crash. Therefore, a helicopter crew is specially trained to meet these known hazards. They are hazards inherently within the ambit of those dangers unique to and generally associated with this particular rescue operation.

Black Industries argues that *Maltman* is not in point because the rescue in that case involved an injured person, rather than property. We disagree; the principle is the same whether the plaintiff is attempting to rescue persons or property. In either event, the paid professional rescuer has knowingly and voluntarily confronted a hazard and cannot recover from the one whose negligence created the hazard, so long as the particular cause of the rescuer's injury was foreseeable and not a hidden, unknown, or extrahazardous danger which could not have been reasonably foreseen. *See Jackson v. Velveray Corp.*, 82 N.J. Super. 469, 198 A.2d 115 (1964); *Strong v. Seattle Stevedore Co., supra.* One who is "engaged as an expert to remedy dangerous situations, . . . cannot complain of negligence in the creation of the very occasion for his engagement." *Krauth v. Geller,* 31 N.J. 270, 273–74, 157 A.2d 129 (1960).

Black Industries further argues that the professional rescuer rule must be confined to municipal firemen "unless it can somehow be shown that there are public policy considerations that would demand otherwise." Public policy demands that recovery be barred whenever a person, fully

aware of a hazard created by another's negligence, voluntarily confronts the risk for compensation. *Maltman v. Sauer, supra; see Walters v. Sloan,* 20 Cal. 3d 199, 142 Cal. Rptr. 152 (1977).

Because our decision is based on the professional rescuer rule, we do not reach the question of whether certain findings and conclusions in a related case, Carlisle v. Black Indus., Inc., King County Cause No. 778206, establish Emco's negligence in starting the fire. Even if they do, Black Industries' recovery is barred, as explained.

Affirmed.

CALLOW and RINGOLD, JJ., concur.