[No. 79976-8.   En Banc.]
Argued May 29, 2007.     Decided September 13, 2007.

CURTIS A. BEAUPRE, *Respondent*, v. PIERCE COUNTY, *Petitioner*.

*Gerald A. Horne, Prosecuting Attorney,* and *Daniel R. Hamilton, Deputy,* for petitioner.

*Joseph E. Fischnaller* and *Michael S. Dutton,* for respondent.

¶1 OWENS, J. — Pierce County appeals a trial court's denial of its motion for summary judgment. Pierce County contends that the trial court erred as a matter of law in ruling that the professional rescue doctrine does not bar Sergeant Curtis Beaupre's suit against Pierce County for injuries sustained when a fellow Pierce County sheriff's officer struck him with a patrol car during a hot pursuit. We hold as a matter of law that the professional rescue doctrine does not bar Beaupre's suit against his employer. Accordingly, we affirm the trial court's order and remand for further proceedings.

## FACTS

¶2 Beaupre, a sergeant with the Pierce County Sheriff's Office, filed suit against Pierce County for injuries he sustained while pursuing a domestic violence suspect's vehicle on Interstate 5 (I-5). According to the complaint, Beaupre and several other officers attempted to stop the suspect who was driving the wrong way on I-5. Clerk's Papers at 5. Some officers blocked I-5 traffic, others deployed spike strips, and some attempted PIT (pursuit intervention technique) maneuvers in an effort to stop the vehicle. *Id.* at 27-28. Believing the suspect's vehicle was stopping, Beaupre exited his vehicle. *Id.* at 28. The suspect, however, continued driving and Beaupre ran "along side of the [suspect's] vehicle with his sidearm drawn and pointed at the suspect while ordering him to stop." *Id.* at 5. While running, another patrol car struck Beaupre from behind, causing him to fly 5 to 10 feet and land in front of the suspect's vehicle, "which then ran over his pelvis with its two passenger-side wheels." *Id.* Other officers then shot and killed the suspect. *Id.*

¶3 Beaupre sued the county for negligence, seeking damages in excess of those awarded through workers' compensation. Pierce County moved for summary judgment, arguing in part that the professional rescue doctrine barred Beaupre's suit. The county argued that being hit by another patrol car during a foot pursuit was an inherent risk of the particular rescue operation and, thus, Beaupre could not recover for his injuries. *Id.* at 73-74. King County Superior Court Judge John P. Erlick denied the county's motion for summary judgment, holding as a matter of law that the professional rescue doctrine did not apply. *Id.* at 124. The trial court further held that genuine issues of fact remained as to the alleged negligent training of the officer who hit Beaupre. *Id.* The trial court denied the county's motion for reconsideration, and the county sought discretionary review from the Court of Appeals. We transferred the case from Division One of the Court of Appeals.

## ISSUES

¶4 1. Did the trial court err in denying summary judgment on the basis of the professional rescue doctrine?

¶5 2. Did Pierce County waive the professional rescue doctrine by not specifically raising it as an affirmative defense in its answer?

## ANALYSIS

A. Standard of Review

¶6 We review summary judgment de novo, engaging in the same inquiry as the trial court. *City of Sequim v. Malkasian*, 157 Wn.2d 251, 261, 138 P.3d 943 (2006). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." CR 56(c).

B. Professional Rescue Doctrine

¶7 The rescue doctrine allows a voluntary rescuer to seek recovery for injuries incurred "while reasonably

undertaking the rescue of a person who has negligently placed himself in a position of imminent peril." *Maltman v. Sauer*, 84 Wn.2d 975, 976-77, 530 P.2d 254 (1975); *accord French v. Chase*, 48 Wn.2d 825, 830, 297 P.2d 235 (1956) (setting forth elements of rescue doctrine). The *professional* rescue doctrine bars professional rescuers from recovering under the rescue doctrine because a professional rescuer assumes certain hazards "not assumed by a voluntary rescuer."[1] *Maltman*, 84 Wn.2d at 978. Under the professional rescue doctrine, a professional rescuer may not recover for injuries stemming from hazards "inherently within the ambit of those dangers which are unique to and generally associated with the particular rescue activity." *Id.* at 979. However, if the hazard is "hidden, unknown, and extra hazardous" or otherwise not "reasonably anticipated or foreseen," the professional rescuer may seek recovery. *Id.*

■ ■ ¶8 The case at hand requires us to determine whether Beaupre may recover for injuries sustained as a result of a fellow officer's intervening negligence during a rescue operation. This court has never addressed the issue; however, the Court of Appeals has recognized that the professional rescue doctrine does not apply when an independent or intervening act causes the professional rescuer's injury. *Sutton v. Shufelberger*, 31 Wn. App. 579, 587-88, 643 P.2d 920 (1982); *Ward v. Torjussen*, 52 Wn. App. 280, 758 P.2d 1012 (1988); *Ballou v. Nelson*, 67 Wn. App. 67, 71-74, 834 P.2d 97 (1992). In *Sutton*, a car struck a police officer as he dismounted his motorcycle after pulling over another driver for a traffic violation. 31 Wn. App. at 580. The driver of the car that hit Sutton argued that the risk of being hit by a passing car while on the side of the road during a traffic stop was "inherent in [Sutton's] work" and, thus, the professional rescue doctrine barred Sutton's action. *Id.* at 587. The Court of Appeals rejected this argument, holding that

---

[1] Courts often refer to the professional rescue doctrine as the fireman's or fire fighter's rule. The fire fighter's rule is nearly identical in nature, although it has a "separate history and theoretical basis." *Ballou v. Nelson*, 67 Wn. App. 67, 71, 834 P.2d 97 (1992).

the professional rescue doctrine did not apply "to forgive negligent or intentional injury to the official by an intervenor." *Id.* at 588.

¶9 Similarly in *Ward*, the Court of Appeals refused to apply the professional rescue doctrine to bar an officer's recovery for injuries sustained when a car hit her patrol car while in route to a prowler assist call. 52 Wn. App. at 287-88. The court reasoned that the risk of a collision was not a risk inherent in a prowler assist call. *Id.* The court further held that the professional rescue doctrine "relieves the perpetrator of the act that caused the rescuer to be at the scene; it does not relieve a party whose intervening negligence injures the rescuer." *Id.* at 287. Likewise in *Ballou*, the Court of Appeals held the professional rescue doctrine did not bar officers from suing individuals who intentionally hit them. 67 Wn. App. at 73-74. The court reasoned that the doctrine was inapplicable because "the officers were not injured by the defendants' *negligence*; rather, they were injured by the defendants' criminal assaults." *Id.* at 73.

¶10 Although Pierce County agrees with the Court of Appeals holdings in *Ward*, *Sutton*, and *Ballou*, it nonetheless asserts that the professional rescue doctrine bars Beaupre's recovery.[2] According to Pierce County, fellow officers are not intervening parties. Appellant's Reply Br. at 12-13. For support, the county cites to a line of California cases holding that the professional rescue doctrine bars law enforcement officers from suing officers from other law enforcement agencies. *E.g.*, *Calatayud v. State*, 18 Cal. 4th 1057, 959 P.2d 360, 77 Cal. Rptr. 2d 202 (1998).

¶11 In *Calatayud*, the California Supreme Court held that the professional rescue doctrine barred a city police officer from suing a highway patrol officer and the patrol officer's employer for injuries sustained while the officers

---

[2] Pierce County also proffers an untenable argument that the county was the entity responsible for bringing Beaupre to the scene because it "hired him and provided him the means, authority and responsibility to be there and guide the pursuit." Appellant's Reply Br. at 11.

were involved in a joint rescue. *Id.* at 1062. The *Calatayud* court noted that under California law, officers may not sue their employer for negligence resulting in injury and must instead recover under the State's workers' compensation program. *Id.* The court then held that the legislature did not intend a statutory exception to the doctrine to apply where an officer involved in a rescue operation caused the injury of an officer from another agency. *Id.* at 1064. The court stated that holding otherwise would undermine the "exclusivity" of the State workers' compensation system: "We can discern no rational reason the Legislature would intend liability to depend solely on whether the plaintiff and defendant wore different badges and uniforms when the risk of injury is the same." *Id.* at 1072. The court likewise listed several other public policy considerations in support of its holding: (1) allowing officers to respond to issues of public safety without the worry of injury to fellow officers, (2) relieving public agencies of the financial burden of litigation, and (3) promoting efficient judicial administration by preventing the causation problems inherent in such suits. *Id.* at 1068-72. Pierce County argues that we should adopt the same approach.

¶12 California law, however, stands in stark contrast to Washington law. In California, officers may not sue their own agency for negligence; rather, California law requires officers to recover exclusively under the workers' compensation system. *See id.* at 1072. In contrast, the Washington Law Enforcement Officers' and Fire Fighters' Retirement System Act (LEOFF), chapter 41.26 RCW, specifically grants officers the "right to sue" their employers for negligence *in addition to recovering* workers' compensation. *See* RCW 41.26.281 ("right to sue" provision); *Fray v. Spokane County,* 134 Wn.2d 637, 952 P.2d 601 (1998). In *Fray,* we noted that the State specifically enacted LEOFF "to provide *greater* benefits to injured police officers and fire fighters than they would receive under the workers' compensation system," including the " 'right to sue' their employers for negligence." *Id.* at 643 (emphasis added). Further, unlike

Washington law, California law does not distinguish between the individual responsible for bringing the rescuer to the scene and an intervenor. Instead, California recognizes only those statutory exceptions in California Civil Code section 1714.9.

¶13 Pierce County also relies on New York cases for the proposition that the professional rescue doctrine applies to fellow officers. New York courts apply the doctrine to bar "those claims for injuries caused by the negligence of a fellow police officer when the injury is related to the dangers that are associated with police." *Cooper v. City of New York*, 81 N.Y.2d 584, 591, 619 N.E.2d 369, 601 N.Y.S.2d 432 (1993). However, unlike Washington courts, New York jurisprudence does not recognize an independent act exception when an intervening party injures an officer. *E.g.*, *id.* at 590.

¶14 We thus reject Pierce County's argument and hold that the professional rescue doctrine does not bar Beaupre's lawsuit. The doctrine does not apply to negligent or intentional acts of intervening parties not responsible for bringing the rescuer to the scene. We therefore affirm the trial court's denial of summary judgment on this issue.

## C. Waiver of Affirmative Defense

¶15 Beaupre also contends that Pierce County waived any application of the professional rescue doctrine by not specifically raising it in its answer and failing to disclose its reliance on the doctrine in response to Beaupre's discovery requests. Br. of Resp't at 16-17. Under CR 8(c), parties must raise affirmative defenses or risk waiving them altogether. *Farmers Ins. Co. of Wash. v. Miller*, 87 Wn.2d 70, 76, 549 P.2d 9 (1976). Although CR 8(c) specifically delineates 20 affirmative defenses, parties must also affirmatively plead "any other matter constituting an avoidance or affirmative defense."

¶16 Pierce County raised the affirmative defense of "assumption of risk" and contends that pleading assumption of risk sufficiently raised the professional rescue doc-

trine.[3] *Malgarini v. Wash. Jockey Club*, 60 Wn. App. 823, 826, 807 P.2d 901 (1991) (holding that raising discretionary immunity as an affirmative defense was sufficient to raise the affirmative defense of quasi-judicial immunity where the issue was well-briefed and there was no doubt that the plaintiff had notice of the defense). Beaupre contends that pleading assumption of risk was insufficient to put him on notice as to the professional rescue doctrine. He contends that the first mention of the doctrine was at summary judgment.

¶17 We have previously discussed professional rescue doctrine in terms of assumption of risk. *Maltman*, 84 Wn.2d at 978 ("In the case of a professional rescuer certain hazards are assumed which are not assumed by a voluntary rescuer."). Further, the professional rescue doctrine is essentially a type of implied primary assumption of the risk. *Scott v. Pac. W. Mountain Resort*, 119 Wn.2d 484, 496-99, 834 P.2d 6 (1992) (listing the four types of assumption of risk and describing implied primary assumption of the risk as a situation where an individual assumes the risks inherent in an activity); *see Vroegh v. J&M Forklift*, 165 Ill. 2d 523, 530, 651 N.E.2d 121, 209 Ill. Dec. 193 (1995) (describing fireman's rule as an implied primary assumption of risk "whether an owner or occupier of land has any duty to fire fighters injured"). Because we have recognized the professional rescue doctrine as an assumption of risk, we hold that Pierce County's assertion of assumption of risk in its answer was sufficient to raise the professional rescue doctrine under CR 8(c).

---

[3] We grant Pierce County's motion to strike the discovery requests and answers that Beaupre attached to his motion on the merits at the Court of Appeals. According to Pierce County, the discovery documents were not before the trial court on summary judgment. Although Beaupre contends that he mentioned the discovery documents during oral argument, he never attached the documents to his response to the county's motion for summary judgment. Further, the trial court denied Beaupre's motion to supplement the summary judgment order with the inclusion of the discovery requests. *See* RAP 7.2(b) (granting trial court authority to settle the record). Beaupre admits that he did not appeal this denial as allowed in RAP 9.13. Moreover, Beaupre has made no attempt to follow the procedures in RAP 9.10 to supplement the record at the appellate level; merely attaching documents to a motion on the merits does not satisfy RAP 9.10.

## CONCLUSION

¶18 We hold that the professional rescue doctrine does not bar Beaupre's lawsuit because the doctrine does not apply to negligent or intentional acts of intervening parties not responsible for bringing the rescuer to the scene. We thus affirm the trial court and remand for further proceedings.

ALEXANDER, C.J., and C. JOHNSON, MADSEN, SANDERS, BRIDGE, CHAMBERS, FAIRHURST, and J.M. JOHNSON, JJ., concur.

Reconsideration denied November 29, 2007.