FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

2017 DEC 26 AM 9: 24



# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

WYNN LOILAND and SUZANNE LOILAND, )
)
Appellants, )
)
v. )
)
STATE OF WASHINGTON, PEDRO )
LOPEZ and JANE DOE LOPEZ, and the )
marital community thereof, )
)
Respondent. )
)
and )
)
MARIO A. JIMENEZ PEREZ and JANE )
DOE PEREZ, and the marital community )
comprised thereof, )
)
Defendants. )

No. 76096-3-I

DIVISION ONE

PUBLISHED OPINION

FILED: December 26, 2017

SPEARMAN, J. — The general rule in Washington is that a person who is injured while rescuing another may recover from the party whose negligence created the need for rescue. However, because professional rescuers assume certain risks as part of their profession, the general rule does not apply. When a professional rescuer is injured by a known hazard associated with a particular rescue activity, the rescuer may not recover from the party whose negligence caused the rescuer's presence at the scene.

Firefighter Wynn Loiland contends the trial court erred in dismissing his claims against the State as barred by the professional rescuer doctrine. But because the State's alleged negligence was a cause of Loiland's presence at the scene, we affirm.[1]

## FACTS

Ice and fog created dangerous driving conditions early one November morning. At about 4:40 a.m., driver Pedro Lopez lost control of his Ford Ranger pickup truck while he was driving southbound on I-5. The Ranger spun across four lanes, crossed the right shoulder, and came to rest on its side in a ditch. Another motorist stopped to assist. The motorist parked on the shoulder with his hazard lights activated.

Sergeant Johnny Alexander of the Washington State Patrol (WSP) was patrolling I-5 when he saw hazard lights on the shoulder. Alexander stopped to investigate and saw the Ranger in the ditch. After ascertaining that Lopez and his passenger, Ortiz, were uninjured, Alexander called for a tow truck and began preparing an accident report. As he prepared the report, Alexander saw two cars slide on the ice then regain control. He saw a third car spin, strike the center barrier, and briefly stall. A fourth car slid and narrowly avoided the stalled vehicle.

Alexander determined that the lights from his patrol car distracted approaching motorists, a tow truck would exacerbate the unsafe conditions, and

---

[1] Loiland also appeals the grant of summary judgment to Lopez, but concedes that that the professional rescuer doctrine "arguably" applied to him. Appellant's Brief at 16. Loiland's only argument as to Lopez is that the professional rescuer doctrine should be abandoned. We decline to consider the argument because the Supreme Court has adopted the professional rescuer doctrine and its decision is binding on this court. See 1000 Virginia Ltd. Partnership v. Vertecs

it was not safe to remain on the side of the road. He cancelled the tow truck and advised dispatch to remove the truck when conditions improved. Alexander left the scene with Lopez and Ortiz. He did not turn off the Ranger's lights or mark the truck to show he had responded. Alexander later cited Lopez for driving too fast for conditions.

The emergency dispatcher, Valley Communications, received several 9-1-1 calls reporting an incident at the site of the Lopez accident. Valley Communications dispatched two fire and rescue engines. Firefighter Wynne Loiland arrived at the scene a few minutes later. The firefighters were unaware that WSP had already responded to the Ranger. After determining the truck was unoccupied, Loiland began marking the Ranger with tape to show it was abandoned.

Meanwhile, Mario Perez was driving southbound in the left lane. Perez lost control of his Chevy Blazer at the same spot where Lopez earlier lost control. The Blazer spun across the freeway in approximately the same path that Lopez's Ranger traveled. The Blazer left the road, crossed the right shoulder, and struck Loiland where he stood next to the Ranger. Loiland suffered serious injuries.

Loiland filed a claim against Lopez, Perez, and the State. Loiland alleged that his injuries were caused by the negligent driving of Lopez and Perez, the Department of Transportation's (DOT) negligent failure to deice the road, and

---

Corp., 158 Wn.2d 566, 578, 146 P.3d 423 (2006) (citing Fondren v. Klickitat County, 79 Wn. App. 850, 856, 905 P.2d 928 (1995)).

3

WSP's negligent failure to mark the accident. The trial court granted summary judgment for Lopez and the State based on the professional rescuer doctrine.[2]

Loiland sought direct review by the Supreme Court, arguing that the professional rescuer doctrine did not bar recovery in this case or, alternatively, the Supreme Court should abandon the doctrine.[3] The Supreme Court denied direct review and transferred the case to this court.[4]

## DISCUSSION

Loiland contends the trial court erred in granting the State's motion for summary judgment based on the professional rescuer doctrine. We review a decision on summary judgment de novo, engaging in the same inquiry as the trial court. Dowler v. Clover Park School Dist. No. 400, 172 Wn.2d 471, 484, 258 P.3d 676 (2011) (citing Harris v. Ski Park Farms, Inc., 120 Wn.2d 727, 737, 844 P.2d 1006 (1993)). Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Id. (citing CR 56(c)).

In general, a person who is harmed while rescuing or attempting to rescue another may recover from the party whose negligence created the need for rescue. Maltman v. Sauer, 84 Wn.2d 975, 977, 530 P.2d 254 (1975) (citing

---

[2] Loiland's claim against Perez is not at issue in this appeal.

[3] The Washington Fire Chiefs, Washington Fire Commissioners Association, and the Washington State Council of Firefighters jointly filed an amicus curie brief in support of direct review, arguing that the professional rescuer doctrine should be abolished.

[4] Loiland sought review of the grants of summary judgment to both the State and Lopez, but he failed to timely serve Lopez with the notice of appeal. Lopez asked the court to dismiss the appeal based on untimely service. The Supreme Court denied Lopez's request to dismiss. Because the Supreme Court has ruled on the issue, we do not address Lopez's argument that this appeal should be dismissed based on the untimely service.

French v. Chase, 48 Wn.2d 825, 830, 297 P.2d 235 (1956)). The professional rescuer doctrine is a limitation to this general rule. Id. at 978. A professional rescuer assumes certain risks as part of his or her job and is compensated for accepting those risks. Id. at 978. The professional rescuer may not recover where "the hazard ultimately responsible for causing the injury is inherently within the ambit of those dangers which are unique to and generally associated with the particular rescue activity." Id. at 979. See also Ballou v. Nelson, 67 Wn. App. 67, 71, 834 P.2d 97 (1992). ("[I]t is the business of professional rescuers to deal with certain hazards, and such an individual cannot complain of the negligence which created the actual necessity for exposure to those hazards.").

The professional rescuer doctrine does not bar a professional from recovering in all cases where he or she is injured in the line of duty. The doctrine does not apply where a professional rescuer is injured by a "'hidden, unknown, [or] extrahazardous'" danger that is not inherently associated with the particular rescue activity. Maltman, 84 Wn.2d at 978 (quoting Jackson v. Velveray Corp., 82 N.J.Super. 469, 198 A.2d 115, 119 (1964)). Similarly, the professional rescuer doctrine does not bar recovery where the rescuer is injured by the act of an intervening third party. Ballou, 67 Wn. App. at 70; Ward v. Torjussen, 52 Wn. App. 280, 287, 758 P.2d 1012 (1988). The doctrine "'relieves the perpetrator of the act that caused the rescuer to be at the scene. . . .'" Beaupre v. Pierce County, 161 Wn.2d 568, 573, 166 P.3d 712 (2007) (quoting Ward, 52 Wn. App. at 287). It "does not apply to negligent or intentional acts of intervening parties not responsible for bringing the rescuer to the scene." Id. at 575.

5

The issue in this case is whether the State's alleged negligence was responsible for bringing Loiland to the scene. Loiland's position is that Lopez, DOT, and WSP were each negligent: Lopez in driving too fast for conditions, DOT in failing to timely deice the road, and WSP in failing to mark the accident when Alexander responded. But Loiland asserts that the event that caused his presence at the scene was the Lopez accident. He asks us to make clear that the professional rescuer doctrine bars recovery only from "the tortfeasor whose initial fault was the occasion for the rescue." App. Br. at 15-16.

Washington courts have apparently not considered the application of the professional rescuer doctrine to multiple negligent parties. Other jurisdictions, however, have concluded that the doctrine bars recovery from all parties whose negligence caused or contributed to the emergency that necessitated the professional's presence. See, e.g., Moody v. Delta Western, Inc., 38 P.3d 1139, 1140-43 (Alaska 2002) (officer injured in car accident involving stolen car could not recover from owner who negligently left car keys in the ignition); White v. State, 220 Ariz. 42, 47, 202 P.3d 507 (2008) (rescuers were injured while responding to a shooting; the professional rescuer doctrine barred the rescuers' claims against the State and county for negligence in treating the shooter's mental health); Young v. Sherwin-Williams Co., Inc., 569 A.2d 1173, 1179 (D.C. 1990) (firefighter injured while responding to an accident involving a commercial truck driven by an intoxicated employee could not recover from company that negligently failed to conduct a background check); Wietecha v. Peoronard, 102 N.J. 591, 595-96, 510 A.2d 19 (1986) (officer could not state a claim against

drivers of cars 1, 2, and 3, whose negligence caused his presence at the scene, but could state a claim against the drivers of cars 4 and 5 whose independent negligence directly injured the officer after he arrived).[5]

We agree with our sister jurisdictions and hold that, where the negligent acts of multiple parties cause the public safety issue that necessitates the rescuer's presence, the professional rescuer doctrine bars recovery from each of these parties. The key question, then, is whether the State's negligence in this case caused the public safety issue to which Loiland responded. We conclude that it did.

Loiland alleges that DOT's failure to deice caused both the Lopez and the Perez accidents.[6] In other words, if DOT had deiced before the Lopez accident, that accident would not have occurred and required Loiland's response. Thus, even under Loiland's theory of liability as to DOT, its alleged failure to deice was a cause of Loiland's presence.

Loiland also claims that WSP was negligent in failing to mark the Lopez accident when Sergeant Alexander responded. He argues that if Alexander had marked the accident, Loiland would not have been called to the scene. Alternatively, he asserts that even if Loiland had been dispatched to the accident, he would not have needed to exit the fire engine to check for occupants and mark the truck. In either case, however, WSP's alleged negligence was a cause

---

[5] New Jersey later abolished the professional rescuer doctrine by statute. See Ruiz v. Mero, 189 N.J. 525, 527, 917 A.2d 239 (2007).

[6] Loiland asserts that his claim against DOT is based on its failure to deice after the Lopez accident, not before. We address this argument below.

of Loiland's presence because, had Alexander marked the scene, Loiland would not have been in harm's way.

DOT and WSP are thus in exactly the position addressed by the professional rescuer doctrine. The doctrine bars recovery from "the one whose sole connection with the injury is that his act placed the fireman or police officer in harms [sic] way." Sutton v. Shuffelberger, 31 Wn. App. 579, 587, 643 P.2d 920 (1982). Here, the alleged negligent acts of DOT and WSP placed Loiland in harm's way, and he may not recover from them.

Loiland raises several theories to argue against this result. The heart of his argument is that the State's failures amounted to independent or intervening negligence to which the professional rescuer doctrine does not apply.

The Supreme Court considered intervening negligence in Beaupre. In that case, an officer was injured while in pursuit of a fleeing suspect. Beaupre, 161 Wn.2d at 570. Sergeant Beaupre was running alongside the suspect's vehicle when a car driven by another officer struck him. Id. Beaupre sought to recover from Pierce County, alleging negligent training of the officer who hit him. Id. at 571. The County argued that the professional rescuer doctrine barred the claim. Id. The Beaupre court rejected this argument, holding that "[t]he doctrine does not apply to negligent or intentional acts of intervening parties not responsible for bringing the rescuer to the scene." Id. at 575.

In reaching this conclusion, the Beaupre court relied on this court's opinions in Sutton, 31 Wn. App. 587-88 and Ward, 52 Wn. App. 280. Id. at 572. In Sutton, a police officer was ticketing a driver for a traffic violation when another

8

car hit the officer. Sutton, 31 Wn. App. at 580. The driver of the car that struck the officer raised the professional rescuer doctrine as a bar to recovery.[7] Id. at 587. We rejected the argument because the driver's negligence did not cause the officer to be at the scene. Id. at 587-88. Rather, the driver was a "third party whose intervening negligence injure[d] the official while he [was] in the performance of his duty." Id. at 588.

Similarly, in Ward, an officer was responding to a report of a prowler when a vehicle struck the officer's patrol car. Ward, 52 Wn. App. at 281. In the ensuing negligence action, the driver contended the officer's suit was barred by the professional rescuer doctrine. Id. at 286. We rejected the argument because "the professional rescuer rule only relieves the perpetrator of the act that caused the rescuer to be at the scene; it does not relieve a party whose intervening negligence injures the rescuer." Id. at 287 (citing Sutton, 31 Wn. App. at 588).

In Beaupre, Sutton, and Ward, a negligent third party injured a professional rescuer while the rescuer was responding to a public safety issue. The intervening negligence was unrelated to the act that caused the professional to be at the scene. The same is not true in this case. Neither DOT nor WSP injured Loiland while he was responding to a roadside accident. The agencies' alleged negligence occurred before Loiland responded to the scene. And, as

---

[7] In Sutton, Ward, and Ballou, this court considered both the professional rescuer doctrine and the fireman's rule. Sutton, 31 Wn. App. at 587; Ward, 52 Wn. App. at 286-87; Ballou, 67 Wn. App. at 70-71. The doctrines are similar but developed independently. Ballou, 67 Wn. App. at 71. The professional rescuer doctrine articulated by the Supreme Court encompasses the traditional fireman's rule. Beaupre, 161 Wn.2d at 573-75.

discussed above, the agencies' failures were not independent of the public safety issue to which Loiland responded.[8]

Loiland asserts, however, that his claim against DOT is not based on the agency's failure to deice before the Lopez crash but on its continuing failure to deice after the Lopez crash. He contends that DOT had an ongoing duty to deice and its failure to deice after the Lopez crash was separate and independent from its failure to deice before the Lopez crash.

Loiland provides no support for the proposition that ongoing negligence is the equivalent of independent, intervening negligence.[9] We reject the assertion that DOT's failure to deice after the Lopez accident amounts to the independent negligence of an intervening party.

Loiland next contends the professional rescuer doctrine does not apply to WSP because, by failing to mark the accident, Sergeant Alexander failed to prevent Loiland's presence but did not cause Loiland's presence. Loiland asserts that the Lopez crash caused his presence and he would have responded to that crash even in the absence of State negligence.

_____

[8] In addition to the Washington cases, Loiland relies on Kaiser v. Northern States Power Co., 353 N.W.2d 899, 902 (Minn. 1984). In that case, an equipment failure caused a natural gas explosion. Kaiser, 353 N.W.2d at 902. Several minutes after firefighters responded to the scene, a second explosion occurred. Id. In determining whether the firefighters' lawsuit was barred, the court noted that the fireman's rule does not bar recovery where a party's active negligence at the scene of the fire "materially enhances the risk or creates a new risk of harm." Id. at 905. The Kaiser court held that there was a question of fact as to whether the utility company was "causally negligent after the firefighters arrived at the scene of the fire." Id. at 906.

The case is distinguishable. In Kaiser, there was a question of fact as to whether the utility company was negligent after the rescuers arrived. In this case, DOT's and WSP's alleged negligence occurred before Loiland arrived at the scene.

[9] The authority Loiland does cite, Ballou, is inapposite. In that case, we held the professional rescuer doctrine inapplicable to intentional misconduct that occurred after the rescuer was at the scene. Ballou, 67 Wn. App. at 71.

Loiland points to no authority distinguishing negligence that fails to prevent an event from negligence that causes an event. Loiland's presence at the Lopez crash was only necessary because WSP failed to mark the crash to show the truck was unoccupied. WSP's negligence was a cause of Loiland's presence.

Loiland also argues that the professional rescuer doctrine does not apply to WSP because Alexander's negligence occurred after the Lopez crash and did not cause that crash. In effect, Loiland seeks a rule stating that the doctrine does not bar recovery from a party whose negligence occurs after the original accident but before the professional responds.

The Supreme Court of Kansas considered a similar argument in Apodaca v. Willmore, 306 Kan. 103, 126, 392 P.3d 529 (2017). In that case, a pickup truck crossed the center line and came to rest on its side in an oncoming lane. Id. at 104. The driver turned off the truck's headlights and got out of the truck. Id. A police officer responding to the accident struck the truck and was injured. Id. In the ensuing litigation, the officer contended that the firefighter's rule did not bar recovery. Id. at 106. Among other arguments, the officer asserted that the driver's negligence in turning off the headlights was independent of his negligence in causing the accident. Id. at 126.

The court rejected this argument. Id. at 127. Drawing on the principle that a professional assumes those hazards that are known and reasonably anticipated, the court reasoned that the relevant inquiry is not whether a separate negligent act occurred before the professional responded, "but rather whether the firefighter or officer is injured by an independent risk created by the separate

negligent act." Id. Thus, "even if a subsequent act of negligence occurred, it must also have created a wholly independent risk that did not form the basis for the officer's presence." Id. at 126. The Apodaca court held that "the nature of the risk caused by [leaving the pickup truck lights unlit] was the same as the risk created by the accident the officers were in the process of responding to." Id. at 127.

We agree with the Apodaca court. Because Loiland assumed the risk of hazards that are inherently within the ambit of a roadside rescue, the relevant inquiry is whether WSP's negligence in failing to mark the accident created a new or unknown risk. The hazard Loiland was exposed to from WSP's failure to mark the accident was the same as the hazard created by Lopez's accident. We reject Loiland's argument that WSP committed independent negligence to which the professional rescuer doctrine does not apply.[10]

Having failed to establish that he was injured by independent negligence, Loiland next asserts that the professional rescuer doctrine does not apply because, in the circumstances of this case, he did not assume the risk of being struck by a car. He asserts that Sutton and Ward indicate that a professional performing a duty on the road does not necessarily assume the risk of being struck by a car.

Loiland misconstrues those cases. A professional rescuer may not recover from the party whose negligence caused his presence at the scene where he is

---

[10] In a related argument, Loiland asserts that WSP's negligence in failing to mark the accident amounted to a hidden, unknown, or extrahazardous risk that Loiland would not have reasonably anticipated. But, as discussed above, leaving the accident unmarked did not create a new or different risk.

injured by a hazard that is "inherently within the ambit of those dangers which are unique to and generally associated with the particular rescue activity." Maltman, 84 Wn.2d at 979. The issue in Sutton and Ward was not whether being struck by a car was a hazard "inherently within the ambit" of performing professional duties on the road, but whether the professional was injured by the negligence of an intervening party. It is beyond dispute that being struck by a car is a risk generally associated with responding to a roadside accident. Loiland conceded this point below.

In sum, Loiland was injured by a known, foreseeable risk while conducting a professional rescue. The State's negligence was a cause of Loiland's presence at the accident site. The trial court did not err in ruling that Loiland's claim against the State is barred by the professional rescuer doctrine.

Affirmed.

Spearman, J.

WE CONCUR:

Mann, J.

Trickey, A.C.J.