[No. 25985-1-II.  Division Two.  September 21, 2001.]

HAROLD EVERETT, ET AL., *Respondents*, v. TIMOTHY ABBEY, *Individually and in an Official Capacity*, ET AL., *Appellants*.

522

*Christine O. Gregoire, Attorney General,* and *Jeffrey A. Freimund, Assistant,* for appellants.

*Tyler K. Firkins* (of *Van Siclen, Stocks & Firkins*), for respondents.

QUINN-BRINTNALL, J. — The State defendants appeal an interlocutory partial summary judgment order. In an earlier criminal proceeding against Harold and Idella Everett, a court reviewed several issues, including the techniques used when interviewing children in connection with an alleged child-sex-abuse-ring investigation, and it allowed the Everetts to withdraw their guilty pleas.[1] The trial court in the present negligence action ruled that collateral estoppel barred the State defendants from litigating whether they used improper interview techniques when interviewing alleged child victims. We disagree. The requirements of collateral estoppel are not present in this case. We reverse the partial summary judgment order.

## FACTS

As part of an investigation of child sex abuse in Wenatchee, Harold and Idella Everett were convicted in 1995 of sexually abusing some of their five children. In December 1997, the Everetts filed personal restraint petitions based on new evidence, including evidence of improper techniques used during the investigation of abuse allegations. Division Three of this court granted the petitions and ordered the case transferred to the Chelan County Superior Court for a reference hearing.

During the seven-day reference hearing in March 1998, several witnesses testified, including: Mr. and Mrs. Everett; all of their children; Detective Robert Perez, the lead investigator; Rebecca "Kate" Carrow (f/k/a Shaw),[2] the former public defender who represented Mrs. Everett in the

---

[1] The Everetts entered *Alford* pleas of guilt. *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] In its Memorandum Decision on Reference Hearing, the reference court mistakenly noted that Carrow did not testify.

original criminal proceeding; Connie Saracino, a Department of Social and Health Services (DSHS) case worker assigned to the Everett children's dependency case; and Laurie Alexander, a DSHS social worker who interviewed at least one of the Everett children during the investigation. Carrow, Saracino, and Alexander are defendants/appellants in the case before us.

In its Memorandum Decision on Reference Hearing, the reference court[3] found that Perez and others not specified used improper interview techniques in interrogating the Everett children. The reference court also found that Perez "bullied" Mrs. Everett into confessing to sexual abuse. The reference court opined that on retrial, "[i]t will likely be found that the two daughters' allegations about which Mrs. Everett was being questioned were obtained while using improper interrogation techniques." Clerk's Papers at 756. The reference court also noted that the disclosure by the daughters "will no doubt be the subject of expert testimony if there is a new trial in the criminal cases or at the trial of the pending civil case." Clerk's Papers at 718.

While the reference court also found that DSHS adopted "CPS (Child Protective Services) Child Interview Form Guidelines" published by the Harborview Sexual Assault Center, there is no evidence in the record that DSHS ever actually adopted these protocols. Over objection, the guidelines were admitted into evidence as Exhibit 47. The reference court opined that a jury likely would find that Perez did not follow the guidelines, particularly the one advocating verbatim documentation of interviews, because he did not want anyone to know of the methods he used to obtain evidence. The court stated that no rational trier of fact would believe many of the allegations of abuse.

The reference court again referred to future litigation and noted that it hoped that experts in child interview techniques would testify at retrial.

---

[3] Because this opinion refers to several related cases, the court presiding at the reference hearing is referred to herein as the "reference court" and the court that issued the Order for Partial Summary Judgment is referred to herein as the "summary judgment court."

The parties' failure to call such witnesses in a Reference Hearing is understandable. There was not ample time to prepare for the hearing.[4] Also, this Court refused funds for the defense to hire and produce an expert on child memory, stating that it was unlikely that this would be needed at the Reference Hearing stage. It was not. It will, of course, be welcome if a retrial occurs.

Clerk's Papers at 761.

In an unpublished opinion,[5] Division Three of this court granted the Everetts' personal restraint petitions and ordered the superior court to allow the Everetts to withdraw their guilty pleas. That court did not reach the merits of the reference court's admission of Exhibit 47. Instead, it held that the disputed evidence was not material to the reference court's conclusions about the impropriety of the interview techniques. Division Three concluded that "the evidence of Detective Perez's tactics is sufficient *on its face* to support a finding of impropriety. . . . The record supports the reference hearing court's finding the interview tactics used in this case were improper." Clerk's Papers at 783-84.

The Everetts filed a civil lawsuit in Thurston County Superior Court[6] against DSHS (the State), Central Washington Health Association, and several individually named defendants:[7] Timothy Abbey, Laurie Alexander, Connie Saracino, Kate Carrow, Mark W. Shipman, M.D., "Jane Doe" Shipman, and Cindy Andrews. The Complaint alleges,

---

[4] The reference hearing was held nearly three months after it was ordered by Division Three.

[5] *In re Pers. Restraint of Harold E.*, Nos. 16682-1-III, 16683-0-III (Wash. Ct. App. Sept. 15, 1998).

[6] Any claim against the state of Washington may be commenced in Thurston County Superior Court. RCW 4.92.010(5).

[7] The individually named defendants, with the exception of the Shipmans, were State employees during the investigation. The State and the former State employees (except Andrews) are referred to collectively as the "State defendants" in the Order for Partial Summary Judgment, the parties' briefs, and this opinion. Dr. Shipman was an employee of Central Washington Health Association. Neither Detective Perez nor his employer, the City of Wenatchee, is a party to this action. *But see infra* note 8.

among other claims, that the defendants breached their duty to properly investigate allegations of child abuse. The Everetts then filed a Motion for Partial Summary Judgment Re: Liability as to State of Washington. The Everetts moved the court to adopt certain findings of fact of the reference court and Division Three regarding the State's use of improper investigative techniques, under the doctrine of collateral estoppel. The Everetts also sought an order granting partial summary judgment on the issue of liability with regard to the State defendants based on those findings.

The summary judgment court granted a substantial part of the Everetts' motion. In its summary judgment order, the court ordered that "it shall be conclusively determined in this proceeding . . . that the State of Washington performed improper interview techniques" during the investigation. Clerk's Papers at 10-11. The court precluded the State from litigating or asserting that it used proper child interview techniques during its investigation of alleged sexual abuse by the Everetts. The court specifically noted that the State was not precluded from litigating the issues of causation or damages, or from raising affirmative defenses regarding immunity.

The summary judgment court also found that the summary judgment order "effectively estops the State defendants from litigating whether a duty was breached as to the issues" regarding improper interview techniques. Clerk's Papers at 11.

The State defendants now appeal the summary judgment order.[8]

---

[8] In addition to the Thurston County case involved in this appeal, there are several related cases in other courts that cross-reference each other:

*Everett v. Perez*, 78 F. Supp. 2d 1134 (E.D. Wash. 1999) involved the same plaintiffs but different defendants than the present case, and addressed nearly identical issues. The federal district court denied the Everetts' motion for summary judgment and it declined to collaterally estop Perez and the City of Wenatchee from litigating whether improper child interview techniques were used. The court based its decision primarily on a lack of privity between the defendants in the federal case and the prosecution in the earlier criminal case.

## ANALYSIS

In the summary judgment order itself, the Thurston County Superior court ordered that:

1. The defendant State of Washington shall not be permitted to litigate in this proceeding, nor to assert in any manner, that its investigative techniques were proper with respect to its child interview techniques regarding the children interviewed during its investigation of alleged sexual abuse by Harold and Idella Everett. Instead, *it shall be conclusively determined in this proceeding, based on the doctrine of collateral estoppel, that the State of Washington performed improper interview techniques with respect to the children interviewed during its investigation into allegations of child sexual abuse by Harold and Idella Everett*[.]

2. However, the State shall not be precluded from litigating whether its improper conduct was either the cause in fact or the legal cause for any damages that may have arisen or may have been incurred by the plaintiffs nor shall the State be precluded from addressing whether in fact any damages have

*Rodriguez v. Perez/Roberson v. Perez*, No. 98-2-07404-3 (King County Super. Ct. June 1, 1998) (consolidating Chelan County Case No. 96-2-00704-2 and Douglas County Case No. 96-2-00173-0). The Everetts were not parties to that action, but Andrews and the State defendants in the present case were also defendants in *Rodriguez* and *Roberson*, and the issues addressed were nearly identical to the present case. The court dismissed the negligent investigation claim, and the jury returned defense verdicts on the remaining issues. Later, Division One of this court reversed the dismissal and remanded the case for litigation of the negligent investigation claim. *Rodriguez v. Perez*, 99 Wn. App. 439, 452, 994 P.2d 874, *review denied*, 141 Wn.2d 1020 (2000).

*Devereaux v. Perez*, 218 F.3d 1045, *reh'g en banc granted*, 235 F.3d 1206 (9th Cir. 2000). The rehearing en banc is pending. The Everetts were not parties in *Devereaux*; defendants Abbey, Alexander, Carrow, and DSHS in the present case were also defendants in *Devereaux*. The propriety of techniques used to interview one of the Everetts' daughters, D.E., was a determining issue in the *Devereaux* opinion. The panel of the United States Court of Appeals for the Ninth Circuit held that the use of questionable interview techniques failed to show a violation of a constitutional right for the purposes of an action based on an alleged violation of 42 U.S.C. § 1983.

*In re Pers. Restraint of Rodriguez*, No. 17600-2-III, 1999 Wash. App. LEXIS 3750, 1999 WL 1314781, (Wash. Ct. App. Dec. 9, 1999); No. 95-1-00196-4 (Chelan County). Division Three granted Hidalgo-Rodriguez's personal restraint petition, finding that the State improperly influenced the testimony of M.E. and D.E., the Everetts' daughters, who were Hidalgo-Rodriguez's accusers. The entire record of the Everetts' personal restraint petition proceedings was included in the record in *Rodriguez*.

been incurred by the plaintiffs or any other affirmative defenses related to causation or damages in this case. Furthermore, the State shall not be precluded from asserting the affirmative[] defenses of *Babcock* [*v. State*, 116 Wn.2d 596, 809 P.2d 143 (1991)] immunity and/or a qualified immunity.

3. Pursuant to CR 54(b),[9] the Court expressly finds that there is no just reason for a delay in appealing this decision and that the adjudicated estoppel issues may be largely dispositive of plaintiff's primary claims for negligence as to the State defendants and may affect the viability ·of the claims against the other named defendants. . . . *[T]his order effectively estops the State defendants from litigating whether a duty was breached as to the issues set forth herein above.*

Clerk's Papers at 10-11 (emphasis added).

By its plain language, paragraph (1) of the summary judgment precludes the State—and only the State—from litigating or asserting that it used proper child interview techniques during the investigation of sexual abuse allegations against the Everetts. There is no mention in paragraph (1) of duty or breach.

In contrast, in paragraph (3), the court states that "this order effectively estops the State defendants from litigating whether a duty was breached as to the issues set forth herein above." Clerk's Papers at 11. Consistent with the court's listing of parties at the beginning of the summary judgment order,[10] the court's use of the term "State defendants" refers collectively to defendants Abbey, Alexander, Saracino, Carrow, and the State of Washington.

## Standard of Review

When reviewing an order of summary judgment, this court engages in the same inquiry as the trial court. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982).

---

[9] CR 54(b) addresses judgment upon multiple claims or involving multiple parties (footnote added).

[10] This is also consistent with the State defendants' self-identification as such in their Answer to the Complaint.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." CR 56(c).

## Standing

The Everetts argue that the individually named State defendants have no standing to challenge the summary judgment order because they are not aggrieved parties. RAP 3.1. Their argument is based on the incorrect assertion that the summary judgment order applies only to the State, and not to the State defendants. Their argument is without merit because the summary judgment order applies to all the State defendants, not just to the State of Washington. The State and the individually named defendants have standing to challenge the summary judgment order precluding them from litigating whether they used improper interview techniques and the nature and scope of their duties in investigating child sex abuse allegations. The Everetts' argument fails in this regard.

## Collateral Estoppel

The doctrine of collateral estoppel, or issue preclusion, prevents relitigation of an issue after the party against whom the doctrine is applied has had a full and fair opportunity to litigate his or her case. *Hanson v. City of Snohomish*, 121 Wn.2d 552, 561, 852 P.2d 295 (1993).[11] The general rule is that "[w]hen an issue of fact or law is

---

[11] In their Response Brief, the Everetts argue that *Hanson* supports their argument that collateral estoppel should apply in this case. In *Hanson* the criminal court held, and the Court of Appeals affirmed, that the identification procedures used by police were not impermissibly suggestive. *State v. Hanson*, 46 Wn. App. 656, 664-68, 731 P.2d 1140 (1987). At the subsequent civil trial, the trial

actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982). Collateral estoppel protects litigants from the burden of relitigating identical issues with the same party, and it promotes judicial economy by preventing needless litigation. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979).

■ Before a court may apply the doctrine of collateral estoppel, the party asserting the doctrine must prove that: (1) the issue decided in the prior adjudication is identical to the one presented in the second; (2) the prior adjudication ended in a final judgment on the merits; (3) the party against whom the doctrine is asserted was a party or in privity with a party to the prior adjudication; and (4) application of the doctrine will not work an injustice. *Nielson v. Spanaway Gen. Med. Clinic, Inc.*, 135 Wn.2d 255, 262-63, 956 P.2d 312 (1998); *McDaniels v. Carlson*, 108 Wn.2d 299, 303, 738 P.2d 254 (1987). All four elements must be met before the court may apply collateral estoppel. *Everett v. Perez*, 78 F. Supp. 2d 1134, 1136 (E.D. Wash. 1999); *George v. Farmers Ins. Co. of Wash.*, 106 Wn. App. 430, 443, 23 P.3d 552 (2001) (collateral estoppel does not apply if even one element fails).

The summary judgment court in this case addressed two issues in its order: (A) whether improper child interview techniques were used; and (B) whether the use of such improper techniques breached a duty. We discuss each of these issues separately, and we hold that not all the elements of collateral estoppel are met with regard to either of these issues.

---

court held, and the Washington Supreme Court affirmed, that the issue of the propriety of the identification procedures had been litigated in the prior criminal action. *Hanson*, 121 Wn.2d at 563. At most *Hanson* supports only one small part of the Everetts' argument, i.e., that whether improper interview techniques were used by someone at some time was partially reviewed in the prior proceedings. But the Everetts have not proven the other elements of collateral estoppel, so the defendants cannot be precluded from litigating this issue.

(A) Whether improper child interview techniques were used.

(1) Same party/Privity. The trial court's partial summary judgment order applies to the State and also to the individually named State defendants. We analyze separately whether each of these parties was the same or in privity with parties in the prior proceedings for purposes of collateral estoppel.

■■ (a) Individually named State defendants.[12] The doctrine of collateral estoppel may not be applied to preclude a party from litigating an issue in a subsequent proceeding if that party had no opportunity in the prior proceeding to fully litigate that issue. *See Ward v. Torjussen*, 52 Wn. App. 280, 284-85, 758 P.2d 1012 (1988). In *Ward*, a driver injured a Bellevue police officer in a traffic accident. While the officer testified as a witness, the Bellevue District Court found that the driver did not violate any traffic laws. 52 Wn. App. at 281. The officer later sued the driver for personal injuries she sustained in the accident. *Ward*, 52 Wn. App. at 281. The Court of Appeals held that there was no privity between the officer and the City of Bellevue in the district court case because the officer

> did not have an opportunity to control any part of the litigation. She did not have the right to conduct her own examination of witnesses, choose her own theory of the case, or be represented by counsel. All decisions in the presentation of the City's case fell within the exclusive province of the city attorney who represented the City of Bellevue, not [the officer].

*Ward*, 52 Wn. App. at 286.

Likewise, in the present case, some of the individually named State defendants testified at the reference hearing, but they were not, and could not have been, parties to the criminal action against the Everetts. The individually

---

[12] We note that under a narrow reading, paragraph (1) of the partial summary judgment order precludes only the State from litigating this issue. But because the order is inconsistent with respect to which parties it applies to, we include this discussion as part of a broader interpretation of the summary judgment order.

named State defendants did not control any part of the criminal proceedings against the Everetts, they had no right to examine witnesses or choose a theory of the case, and they were not represented by counsel. The prosecutor in the prior proceedings represented the State, not Detective Perez or the DSHS employees that are named in the present action.

We hold that the individually named State defendants in this case were not parties, nor in privity with the parties, to the criminal action against the Everetts. Because the Everetts have failed to prove this element, collateral estoppel may not be applied to preclude the individually named State defendants from litigating any issue that was addressed in the prior proceedings against the Everetts.

(b) The State of Washington. The State concedes that it was the same party or in privity with the prosecutor's client in the prior criminal action. *See State v. Williams,* 132 Wn.2d 248, 257, 937 P.2d 1052 (1997) (DSHS in administrative proceeding and prosecutor in criminal proceeding are in privity because they both represent the State); *see also State v. Dupard,* 93 Wn.2d 268, 273, 609 P.2d 961 (1980) (State is the same party in two related proceedings even when represented by prosecutor in one action and by attorney general in the other).[13]

■ (2) Finality of judgment. The reference court noted

---

[13] Although the State conceded that it was the same party in both proceedings, it has argued that an inconsistent and absurd outcome could result if collateral estoppel precludes the State from litigating this issue because it *is* in privity with the prosecution in the prior proceedings but that the individually named State defendants may litigate this issue because they are *not* in privity with those parties. This is particularly true because the individual defendants and Perez were treated as a unit in the reference action, and Perez's status during the various stages of the investigation is unclear. Perez was both a Detective with the City of Wenatchee and a foster parent. The capacity in which he acted was not relevant to the review conducted by the criminal reference court but is material to this case as are numerous other issues. These issues include, but are not limited to: (1) Which individuals, if any, used improper child interview techniques? (2) In what manner were the techniques improper? (3) Which children were interviewed improperly? (4) In what capacity did each of those individuals act? (5) Did the individuals, in their personal or professional capacities, have a duty to use proper interview techniques? (6) Did the State have a duty to use proper interview techniques? (7) If any party had a duty to use proper interview techniques, what is the nature of the duty and was it breached?

that "[t]his will no doubt be the subject of expert testimony if there is a new trial in the criminal cases or at the trial of the pending civil case." Clerk's Papers at 718. It is clear from the reference court's opinion that the reference judge expected that the Everetts would be retried for the criminal charges against them and that the propriety of the investigation would be litigated in the pending civil action—this action. Additionally, in anticipation of a retrial, the reference court devoted eight pages of its memorandum decision to a section entitled "Strength of Prosecution's Case on Retrial." Clerk's Papers at 752-60. The decision concluded, "[i]f there is a retrial, . . . [i]t is . . . hoped that experts in the field of interrogation of young children regarding sex abuse testify for the benefit of the Court and jury."[14] Clerk's Papers at 761. This last statement clearly indicates that the reference court did not believe that it had fully and finally litigated the issues regarding child interview techniques.

Because the Everetts have failed to establish at least two of the elements necessary for the application of collateral estoppel, we hold that none of the defendants are precluded from litigating the issue of whether improper child interview techniques were used. *See George*, 106 Wn. App. at 443. We do not address whether the other elements of collateral estoppel were proved as to this issue.

(B) Whether the use of improper child interview techniques breached a duty.

■ In addition to the factual issue of whether improper interview techniques were used, the summary judgment order also encompasses the legal issue of whether the State defendants had some duty toward the Everetts and, if so,

---

[14] The reference court's findings that "it is more probable than not that a unanimous verdict of guilty will not be obtained if there is a retrial" (Clerk's Papers at 701); "[t]his will no doubt be the subject of expert testimony if there is a new trial in the criminal cases or at the trial of the pending civil case" (Clerk's Papers at 718); "[i]f [D.E.] testifies in the same manner in a future trial, she will not be an effective witness" (Clerk's Papers at 720-21); "[t]he validity and believability of both confessions will rest a great deal on whether a trier of fact believes [the allegations by others]" (Clerk's Papers at 729); and "[a]s to the February 9, 1995, confession, this will depend on proof of the charges." (Clerk's Papers at 730) further indicate that the court anticipated a retrial.

whether they breached that duty.

Identity of issue. There was discussion during the reference hearing about interview protocols, whether DSHS had adopted them, and whether Perez was aware of them. But there was no testimony or other evidence defining the State's duties (or any other defendant in this case), and no determination of whether the State (or any other defendant in this case) breached any duty with regard to child interview techniques.[15] The issue of duty and breach thereof was never discussed or litigated, and the courts in the prior proceedings made no findings of fact or conclusions of law with respect to this issue.

We hold that the Everetts have failed to establish that the issue of duty and breach thereof with regard to improper child interview techniques was litigated in the prior criminal proceeding. Therefore, collateral estoppel may not be applied to preclude the defendants from litigating this issue. *See George*, 106 Wn. App. at 443. Because the Everetts have failed to prove the element of identity of issue as to breach of duty, we do not consider the other elements of collateral estoppel as they apply to this issue. *See Ludeman v. Dep't of Health*, 89 Wn. App. 751, 762-63, 951 P.2d 266 (1997). We hold that the summary judgment court erred in precluding the State defendants from litigating this issue.

## CONCLUSION

The Everetts have failed to prove the elements necessary for the proper application of collateral estoppel. We hold that the doctrine of collateral estoppel does not preclude the State or any of the State defendants in this case from litigating the issue of whether improper interview techniques were performed with respect to the children interviewed during the investigation of child sexual abuse by the

---

[15] We do not today determine whether there is such a duty or whether it was breached. We hold only that collateral estoppel does not bar determination of these issues in the current action.

Everetts, nor does it preclude them from litigating the issue of whether a duty was breached by the use of the child interview techniques employed. We reverse the summary judgment order and return the matter to the court for a trial on the merits.

HUNT, A.C.J., and SEINFELD, J., concur.

Reconsideration denied November 2, 2001.