FILED
COURT OF APPEALS
DIVISION II

2013 MAR 12 AM 8:41

STATE OF WASHINGTON

BY_____
          DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| DUBLIN DOWN, LLC d/b/a<br>DUBLIN DOWN and TOP SHELF, LLC d/b/a<br>TOP SHELF GRILL,<br><br>                    Respondents,<br><br>v.<br><br>WASHINGTON STATE<br>LIQUOR CONTROL BOARD,<br>                    Appellant. | No. 42827-0-II<br>Consolidated with<br><br>No. 42846-6-II<br><br>UNPUBLISHED OPINION |

VAN DEREN, J. — The Washington State Liquor Control Board (Board) issued final orders finding that Dublin Down, LLC and Top Shelf, LLC (collectively Licensees) violated RCW 66.44.270 by selling alcohol to a person under the age of 21.[1] The Board ordered Licensees' licenses to be suspended for five days or a $500 penalty in lieu of suspension.

Licensees appealed the Board's final orders to the superior court, which reversed the Board's orders. The Washington State Liquor Control Board Enforcement and Education Division (LCB) sought discretionary review by this court, which we granted. Because we review

---

[1] RCW 66.44.270(1) provides, "It is unlawful for any person to sell, give, or otherwise supply liquor to any person under the age of twenty-one years or permit any person under that age to consume liquor on his or her premises or on any premises under his or her control."

WAC 314-11-015(1)(a) provides, "Liquor licensees are responsible for the operation of their licensed premises in compliance with the liquor laws and rules of the board (Title 66 RCW and Title 314 WAC). Any violations committed or permitted by employees will be treated by the board as violations committed or permitted by the licensee."

the Board's final orders directly, the burden is on the party challenging the Board's order; here, Licensees.

Licensees argued at the superior court and assert here that (1) the Board erred by refusing to suppress evidence from a LCB compliance investigation in which a LCB minor investigative aide purchased beer at Licensees' premises; (2) collateral estoppel precluded the Board from considering evidence of the compliance investigation because the district court and the superior court both suppressed the evidence in the criminal case against Licensees' employees; (3) if collateral estoppel does not apply, the Board erred by holding that the compliance check was lawful because the LCB used a minor investigative aide without promulgating a rule when no statute or existing rule authorized the practice; and (4) they are entitled to appellate attorney fees.

Based on the Board's unchallenged findings of fact, which were adopted from Licensees' stipulations to per se violations of their licenses by making liquor sales to minors, we affirm the Board's conclusion that Licensees violated RCW 66.44.270.[2]

We do not address the collateral estoppel or other issues raised about the LCB's conduct because resolution of those issues is unnecessary for our review of the Board's actions under the Administrative Procedure Act (APA), chapter 34.05 RCW. We leave resolution of those issues to a case in which the licensee has not stipulated to a violation of the licensing laws.

---

[2] Licensees do not challenge the sanctions imposed by the Board for violating the licensing law.

FACTS

Licensees hold liquor licenses issued by the LCB, allowing them to sell liquor in their respective establishments in Vancouver, Washington. They are not allowed to admit or sell liquor to people under 21 years of age. On December 2, 2008, LCB enforcement officers and a minor investigative aide conducted compliance checks at Licensees' premises. At the direction of LCB enforcement officers, KU,[3] the 18-year-old investigative aide, entered both Licensees' premises and ordered a beer. Licensees' employees at both establishments served KU a beer without asking for his identification.

As a result of these sales, Licensees received administrative violation notices and their employees received criminal citations for furnishing liquor to a minor in violation of RCW 66.44.270. On a motion to suppress in the employees' criminal case, the district court suppressed the evidence gathered by the LCB during the compliance checks using the minor aide. The superior court affirmed the suppression order and the criminal charges against the employees were eventually dismissed.

Licensees requested hearings to contest the civil administrative violations involving their liquor licenses. Although not consolidated, the administrative cases were informally heard together. Licensees and the LCB stipulated to the facts and exhibits and, as part of the stipulation, Licensees admitted that their employees sold liquor to KU, a minor.

Licensees moved to suppress evidence and dismiss the administrative proceedings, arguing that (1) the LCB was collaterally estopped from relitigating the district court's decision in the employees' criminal proceeding that the compliance checks were unlawful, and the

---

[3] We use the minor's initials to protect his right to privacy.

3

evidence gathered during the compliance checks should be suppressed; (2) even if collateral estoppel did not apply, the administrative proceedings should be dismissed because the compliance checks were unauthorized and violated the LCB's regulatory scheme; and (3) use of a minor investigative aide during the compliance checks was entrapment.

The Board rejected Licensees' argument to dismiss and suppress evidence of the sales of liquor to KU and found that Licensees violated RCW 66.44.270 and WAC 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(1) by selling liquor to a minor. The Board ruled that (1) collateral estoppel did not apply, (2) the LCB need not promulgate additional rules under RCW 66.44.270 to investigate and enforce its license holders' duties, (3) the LCB's authority to conduct compliance checks is derived from its broad regulatory authority and its authority to employ and use liquor enforcement officers, (4) the LCB may employ minor investigative aides to act as decoys without adopting rules specifically authorizing the practice, and (5) entrapment is not a defense in a civil administrative proceeding.[4] Licensees unsuccessfully moved for reconsideration by the Board.

The superior court reversed the Board's final orders. The LCB timely appealed and we granted its motion to consolidate the cases on appeal.

## ANALYSIS

### I. STANDARD OF REVIEW

The APA applies to actions of the LCB. *Oscar's Inc. v. Washington State Liquor Control Bd.*, 101 Wn. App. 498, 505, 3 P.3d 813 (2000). Under the APA, the "burden of demonstrating the invalidity of agency action is on the party asserting invalidity"; here, Licensees. RCW

---

[4] The initial decision was made by an administrative law judge (ALJ), but Licensees' petitioned the Board for review and the Board adopted the ALJ's initial order as its final order. We review the Board's order.

No. 42827-0-II, consolidated with No. 42846-6-II

34.05.570(1)(a); *see also Dodge City Saloon, Inc. v. Washington State Liquor Control Bd.*, 168 Wn. App. 388, 395, 288 P.3d 343, *review denied*, 176 Wn.2d 1009 (2012).

In reviewing administrative action, we sit in the same position as the superior court and apply the APA standards in RCW 34.05.570(3) directly to the agency's administrative record. *Superior Asphalt & Concrete Co. v. Dep't of Labor & Indus.*, 112 Wn. App. 291, 296, 49 P.3d 135 (2002).

> We will grant relief from an agency order in an adjudicative proceeding where the agency has erroneously interpreted or applied the law, the order is not supported by substantial evidence, or the order is arbitrary and capricious. Under the error of law standard, we accord substantial weight to the agency's interpretation of the law, but may substitute our own judgment for that of the agency. We may defer to the agency's interpretation of the law only where the agency is interpreting the body of law it administers or enforces.

*Ludeman v. Dep't of Health*, 89 Wn. App. 751, 755, 951 P.2d 266 (1997) (footnotes omitted). Arbitrary and capricious agency action is willful and unreasoning action taken without consideration of the surrounding facts and circumstances. *Wash. Indep. Tel. Ass'n v. Wash. Utils. & Transp. Comm'n*, 148 Wn.2d 887, 905, 64 P.3d 606 (2003). "The court shall grant relief only if it determines that a [party] seeking judicial relief has been substantially prejudiced by the action complained of." RCW 34.05.570(1)(d).

II.     STIPULATION TO FACTS SUPPORTS FINDING OF VIOLATION AND IMPOSITION OF PENALTY

Licensees argue on appeal that the Board erred by allowing the LCB to relitigate the lawfulness of the compliance investigation and the admissibility of the evidence obtained during the investigation. In the alternative, Licensees argue that the Board erred by holding that the LCB's compliance investigation was lawful.

At the administrative hearing, Licensees stipulated that on December 2, 2008, LCB enforcement officers conducted a compliance check at Licensees' premises. They also stipulated

that KU, a minor, entered Licensees' premises and attempted to purchase a beer and that Licensees' employees served KU a beer without checking his identification. Licensees' employees also admitted selling alcohol to KU.

The Board adopted the stipulated facts as its findings of fact. Licensees do not challenge the Board's findings of fact and, thus, they are verities on appeal. *See Dodge City Saloon*, 168 Wn. App. at 395.

In supplemental briefing we requested, Licensees now argue that they stipulated to facts concerning the LCB's compliance checks, but that they did not stipulate that the compliance checks were conducted in a lawful manner.[5] We agree with the Licensees that a factual stipulation does not control the legal determination to be made by the court. *See Ross v. State Farm Mut. Auto. Ins. Co.*, 132 Wn.2d 507, 523, 940 P.2d 252 (1997); *Or. Mut. Ins. Co. v. Fonzo*, 2 Wn. App. 304, 306-07, 469 P.2d 989 (1970). But, we disagree with Licensees' framing of the legal determination at issue.

Licensees argue that the determinative legal issue is whether the LCB "acted lawfully in using an underage investigative aide to conduct the sting operation that resulted in Licensees selling liquor to the minor." Suppl. Br. of Resp'ts at 6. We disagree with Licensees. The Board correctly concluded that "[t]he issue in this matter is whether or not the Licensee[s] violated RCW 66.44.270 and WAC 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(1) by selling liquor to a minor as alleged in the Administrative Violation Notice[s]." Administrative Record (Dublin Down) at 165, (Top Shelf) at 165.

---

[5]The State notes that the Licensees did not condition their stipulation or reserve a challenge to the facts contained in the stipulation. The Licensees do not allege, and our review of the record does not show, such a condition or reservation exists.

Licensees were cited and fined for violating RCW 66.44.270. The alleged unlawfulness of LCB's compliance check relates only to the admissibility of evidence from the challenged compliance checks, which evidence was at issue at the employees' criminal trials.

But here, because Licensees admitted to the statutory violation, evidence of how the compliance check was conducted was unnecessary to the Board's determination of whether Licensees violated the statute and regulations.[6] *See United States v. Larson*, 302 F.3d 1016, 1019-20 (9th Cir. 2002) (holding that no live controversy exists on appeal of a denied suppression motion where a stipulation created a separate foundation for the conviction independent of the evidence at issue in the suppression hearing). Based on the stipulated facts, the Board concluded that Licensees served alcohol to a minor in violation of RCW 66.44.270. The Board's findings of fact support its conclusions of law.

Thus, we hold that the Board did not err in finding a violation and in imposing sanctions because Licensees stipulated to facts that the Board adopted and that are unchallenged on appeal, which facts are sufficient to uphold the Board's finding of a violation of RCW 66.44.270.

The Board imposed a five day liquor license suspension or a $500 fine in lieu of suspension on Licensees for violating RCW 66.44.270. Licensees do not allege that this penalty is inappropriate. Moreover, the penalty imposed by the Board is the standard penalty for a first violation of a statute prohibiting the sale of liquor to a minor. WAC 314-29-020. Thus, we also uphold the penalty imposed by the Board and its entry of an order imposing the penalty.

---

[6]Although the Board dealt with the challenges to the admissibility of evidence, we need not reach those issues because the Licensees stipulated to the relevant facts, which the Board adopted as its own findings of fact. Moreover, at best, the challenged evidence was cumulative of Licensees' stipulations to sale of liquor to a minor.

III. ATTORNEY FEES

Licensees assert that they are entitled to attorney fees under RCW 4.84.350.[7] Because we affirm the Board's order, Licensees are not the prevailing party and, thus, they are not entitled to attorney fees under RCW 4.84.350.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.

Van Deren, J.

VAN DEREN, J.

We concur:

Quinn-Brintnall, J.

QUINN-BRINTNALL, J.

Worswick, C.J.

WORSWICK, C.J.

---

[7] RCW 4.84.350(1) provides:
Except as otherwise specifically provided by statute, a court shall award a qualified party that prevails in a judicial review of an agency action fees and other expenses, including reasonable attorneys' fees, unless the court finds that the agency action was substantially justified or that circumstances make an award unjust. A qualified party shall be considered to have prevailed if the qualified party obtained relief on a significant issue that achieves some benefit that the qualified party sought.